UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN KEITH MULLEN,
    Plaintiff,

    v.                                                CIVIL ACTION NO. 13-11283-GAO

GENERAL HOSPITAL, Legazpi Philippines,
    Defendant.

## MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below, plaintiff's request for legal help is denied and this action is dismissed.

## BACKGROUND

Plaintiff Brian Keith Mullen ("Mullen"), an American citizen and a homeless resident of Roxbury, Massachusetts, initiated this pro se action concerning the birth of his son in the Philippines. By Memorandum and Order dated October 2, 2013, plaintiff was granted leave to proceed in forma pauperis and was advised of the legal impediments to his claims including the failure to set forth the jurisdictional basis for his claims and his failure to state a claim upon which relief may be granted. To the extent Mullen seeks citizenship for his son, he was advised that the Court is unable to grant such relief.[1]

Mullen was directed to file a Show Cause Response, or amended complaint, within 35 days demonstrating why this action should not be dismissed. On November 5, 2013, Mullen

---

[1] Generally, a child born abroad out-of-wedlock to a United States citizen father may acquire United States citizenship if the father, among other things, establishes a blood relationship with the child, establishes that he was a United States citizen at the time of the child's birth, agrees to provide financial support, and acknowledges paternity. See 8 U.S.C. § 1409(a) (children born out of wedlock). However, plaintiff must contact the United States Department of State in order to have any request for citizenship benefits adjudicated. See 22 C.F.R. § 50.2 (determination of U.S. nationality of persons abroad).

filed a timely notice.  See Pl. Not., Docket No. 10.  However, he filed his amended complaint one day after the deadline.  See Am. Compl., Docket No. 11 (filed Nov. 7, 2013).  The amended complaint names the United States and the Republic of the Philippines as defendants and restates the facts as alleged in his original complaint.  The amended complaint is accompanied by a copy of letter Mullen received from the American Embassy referring him to local government offices in the Philippines and referring him to the application process for having Mullen's son documented as a U.S. Citizen.   On January 28, 2014, he filed a letter requesting legal help.

DISCUSSION

I        The Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[2]  However, a civil plaintiff lacks a constitutional right to free counsel.  Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  Id.  To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself.  Id. at 24.

Here, Mullen has asked this Court to appoint counsel for him because he is financially

---

[2]In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of pro bono counsel to accept voluntarily an appointment. cf. 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and for payment under the Criminal Justice Act).

unable to afford counsel and because he is not capable of litigating this case on his own without the assistance of an attorney. However, the Court finds these contentions to be insufficient. The Court must weigh the merits of the case with the use of scarce pro bono resources. On the balance, the use of such resources is not justified, particularly where, as discussed below, it does not appear that the plaintiff's allegations are sufficient to permit this action to proceed. Thus, the request for legal assistance is denied.

II    Plaintiff's Amended Complaint

Mullen's amended complaint does not address the legal impediments previously noted by this Court in the Memorandum and Order (Docket No. 8).

To the extent Mullen seeks American citizenship for his son, he has already been advised that any request for citizenship benefits must be adjudicated by the State Department. See 22 C.F.R. § 50.2 (determination of U.S. nationality of persons abroad).

To the extent Mullen seeks monetary relief against the United States and the Republic of the Philippines, both countries have immunity from suit. A claim against the United States for money damages is barred absent a waiver of sovereign immunity. United States v. Testan, 424 U.S. 392, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976). Although Bivens[3] authorizes actions for money damages against government officials for violations of constitutional rights, the mere filing of such an action in federal court will not effectuate a waiver of immunity against a governmental defendant. Plaintiff failed to demonstrate a waiver of sovereign immunity with respect to his claim for monetary damages against the United States.

---

[3] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), established a direct cause of action against federal officials for violations of the federal constitution.

Under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602–1611, a foreign state, its agencies or instrumentalities are "presumptively immune from suit unless a specific exception applies." <u>Permanent Mission of India to the United Nations v. City of New York</u>, 551 U.S. 193, 197, 127 S .Ct. 2352, 168 L. Ed. 2d 85 (2007) (citing 28 U.S.C. § 1604; <u>Saudi Arabia v. Nelson</u>, 507 U.S. 349, 355, 113 S. Ct. 1471, 123 L. Ed. 2d 47 (1993)).  Here, none of the exceptions apply.

This Court finds that Mullen's amended complaint is insufficient to permit this action to proceed, and no further opportunity to amend or show cause is necessary.  Accordingly, this case will be <u>DISMISSED</u> in its entirety for failure to comply with the Court's directives as contained in the Memorandum and Order (Docket No. 8) and for all of the substantive reasons discussed therein.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that plaintiff's request for legal help is denied and this action is <u>DISMISSED</u>.

SO ORDERED.


 February 4, 2014                            /s/ George A. O'Toole
DATE                                         GEORGE A. O'TOOLE, JR.
                                             UNITED STATES DISTRICT JUDGE